In the Matter of the Claim for Benefits under Article 18 of the Labor Law Made by LLOYD LeVALLEY, Claimant. ITEM PUBLISHERS, INC., Appellant; FRIEDA S. MILLER, as Industrial Commissioner, Respondent.— Appeal by Item Publishers, Inc., from a decision of the Unemployment Insurance Appeal Board, which affirmed a decision of the Unemployment Insurance Referee holding that claimant was an employee and entitled to unemployment insurance benefits. Appellant corporation publishes a daily newspaper in Westchester county. In May, 1937, its circulation manager entered into an oral agreement with claimant. The duties which claimant was to perform included the delivery of newspapers to certain storekeepers on a designated route, and the delivery of bundles of newspapers to newsboys who were route carriers for the appellant. Claimant made collections from the storekeepers for the newspapers at a price fixed by the publisher, and as a remuneration he received a percentage of the amount so collected. He made no collections from the newsboys. As part of the agreement claimant was required to maintain and operate an automobile. Under the system employed, he billed the storekeepers each week in his own name and the amounts collected were deposited in a bank account maintained in the name of the appellant. The evidence clearly supports the contention of the Board that the claimant is an employee, and the decision of the Board being supported by legal evidence, is conclusive. The decision of the Board should be affirmed. Decision of the Unemployment Insurance Appeal Board unanimously affirmed, with costs to the Industrial Commissioner. Present — Hill, P. J., Crapser, Heffernan, Schenck and Foster, JJ.

In the Matter of the Claim for Benefits under Article 18 of the Labor Law Made by LILLIE A. THOMPSON, Claimant. SAGTIKOS FARM, INC., Appellant; FRIEDA S. MILLER, as Industrial Commissioner, Respondent.— This is an appeal by Sagtikos Farm, Inc., employer-appellant, from the decision of the Unemployment Insurance Appeal Board, which affirmed the decision of the Unemployment Insurance Referee holding that claimant worked in covered employment in the year 1938 and is to be credited with her earnings therein with the employer. The sole issue presented by this appeal is whether this court must hold as a matter of law that the claimant is ineligible for unemployment insurance benefits because she is engaged in employment as a " farm laborer." The Unemployment Insurance Appeal Board has found as a fact that she was not a farm laborer. Section 502 of the Unemployment Insurance Law (Labor Law, §§ 500–539) provides that " Employment," except where the context shows otherwise, means any employment under a contract of hire in which all or the greater part of the work is to be performed within the State. " But for the purposes of this article, ' employ-

ment' shall not include * * * employment as a farm laborer." Sagtikos Farm, Inc., conducted a farm at Bay Shore, Suffolk county. It also operated a milk depot at Merrick, Nassau county. The evidence shows that the milk depot was a separate establishment located approximately twenty miles from the farm and that at the milk distributing plant, claimant was employed as a clerical worker keeping the records of milk returned by the several drivers there employed, and the cash taken in. Claimant kept no records whatever pertaining to the operation of the farm at Bay Shore. The Appeal Board found that as the distributing station was located seventeen miles from the farm and had a separate staff, consisting of a bookkeeper, manager and route drivers, engaged in a retail distribution of milk " it would be a distortion of the law to hold that the operation of this distributing station, a purely commercial venture, located seventeen miles from the farm where the products were raised, is part of farming operations." Subdivision 11 of section 502 of the Labor Law provides that: " The term ' farm laborer ' shall include any person employed *on a farm* in connection with: (a) the cultivation and tillage of the soil; (b) the planting, cultivation and harvesting of agricultural, horticultural, floricultural, vegetable and food products of the soil; (c) the raising, feeding and care of live stock, bees and poultry, including all domesticated birds or fowl, or in connection with the hatching of poultry, and the production or harvesting of maple syrup and maple sugar; (d) the handling, planting, drying, packing, packaging, processing, freezing, grading, preparing for market, storing, or delivering to storage or to market or to a carrier for transportation to market of any agricultural, horticultural or floricultural commodity; but only if such service is performed as an incident to ordinary agricultural, horticultural or floricultural operations or in the case of fruits and vegetables, as an incident to the preparation of such fruits or vegetables for market. The provisions of this paragraph shall not be deemed to be applicable with respect to service performed in connection with commercial canning or commercial freezing or in connection with any agricultural, horticultural or floricultural commodity *after its delivery to a terminal market for distribution for* consumption. As used in this subdivision, the term ' farm ' includes stock, dairy, poultry, fruit, and truck farms, plantations, ranches, orchards, nurseries, ranges, greenhouses or other structures used primarily for the raising of agricultural, horticultural or floricultural commodities." Clearly, the finding of the Appeal Board that the employment of claimant was distinct from the farming operations of appellant is substantiated by legal evidence, and the decision of the Appeal Board should be affirmed. Decision affirmed, with costs to the Industrial Commissioner. Hill, P. J., Heffernan, Schenck and Foster, JJ., concur; Crapser, J., dissents and votes to reverse the determination of the Appeal Board on the ground that the work carried on by this claimant was an incident to ordinary farming operations as distinguished from manufacturing and commercial operations and was part of the farm work.